**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Antonio GONZALEZ–MONGUIA,**
**Defendant–Appellant.**

**No. 05–40234**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

published and is not precedent except under

**394**

PER CURIAM: *

Juan Antonio Gonzalez–Monguia (Gonzalez) pleaded guilty to being found in the United States unlawfully after deportation. *See* 8 U.S.C. § 1326. He was sentenced to 68 months of imprisonment, to be served consecutively to a six-month term of imprisonment imposed upon revocation of supervised release on an alien-smuggling offense. The district court also imposed a three-year term of supervised release.

Gonzalez's constitutional challenge to § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Gonzalez argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed. *See id.* at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.